JOSEPH M. ADLMAN, Plaintiff, v. CONSOLIDATED GARAGE CORPORATION, Defendant and Third Party Plaintiff. HARRY BESSLER, as Secretary & Treasurer of Garage Washers and Polishers Union Local No. 272, Third Party Defendant.

City Court of the City of New York, Special Term, New York County, March 14, 1949.

*Harry Sokel* for third party defendant.

*Max. J. Gwertzman* for defendant and third party plaintiff.

*Philip P. Schor* for plaintiff.

SCHIMMEL, J. This is a motion by the third party defendant to dismiss a third party complaint which was served under section 193-a of the Civil Practice Act.

The defendant is the owner of a public garage and has been sued for damage to an automobile belonging to the plaintiff and kept by him in such garage.

The third party complaint alleges the following facts: that the automobile in question was damaged by reason of its removal

from defendant's garage by an employee of the defendant, one Hastings, without permission or authority; that the basis of the complaint (by plaintiff against defendant) is the defendant's negligence in hiring the said Hastings; that the third party defendant, a local of a labor union, had supplied the said Hastings to the defendant under an agreement between an employers' association — of which the defendant (third party plaintiff) was a member — and the said local (the third party defendant), which provided that the employers' association "shall employ only members of the Union who shall be in good standing and that all help required by the Association member shall be hired through the offices of the Union."

The third party complaint further alleges that the third party defendant "did warrant to the defendant, Consolidated Garage Corporation, that the said Hastings was a steady and reliable employee and was trustworthy".

The present motion is predicated upon this third party complaint as limited by a bill of particulars which the third party plaintiff was required to serve, and in which it stated that the alleged warranty was "a warranty by implication of law in that the Union was under a duty to furnish men of good repute and fair reliability, in consideration of the fact that the defendant (third party plaintiff), as a member of the Association, was compelled to hire all of its help from the Union". It thus appears that the third party plaintiff relies upon an "implied warranty" and that its pleading is not founded upon a specific agreement touching the matter.

It does not seem to me that when the union furnished the employee it warranted his fitness or honesty. The analogy between such a case and a sale of merchandise with an implied warranty of fitness, suitability or marketability is untenable. If it were intended that the union should be responsible for the character of the employees it furnished, an agreement to that effect could have been made. No such agreement will be implied, in fact or in law.

The third party complaint is without merit or substance. The motion is granted. The third party complaint of Consolidated Garage Corporation, third party plaintiff, against Harry Bessler as Secretary & Treasurer of Garage Washers and Polishers Union Local No. 272, third party defendant, is dismissed and judgment of dismissal may be entered accordingly in favor of the said Harry Bessler as secretary and treasurer. The action will be severed so that it may continue between the original plaintiff and defendant.